Curia, per

Johnson, J.
We concur with the presiding Judge, that the plaintiff was nota competent witness. As a party, and independent of any actual interest, he is excluded from policy, but to the extent of the commissions allowed him by law, he has an actual pecuniary interest in the event of the suit. He is, moreover, liable for costs, if he bring suit on a demand knowing it to be false. But we are disposed to think that the evidence given was not sufficient proof of the execution of the note in question. The general rule is, that the best evidence shall be produced, and, in the absence of better proof, you may give, in evidence, anything bearing on the matter in issue; and under this rule, I am not prepared to say that proof of the hand writing of the plaintiff was not admissible. It does not follow, however, that everything which may be proved constitutes proof of the matter in issue. A circumstance unimportant in itself, may, when combined with others, make out the proof; but here proof of the plaintiff’s hand writing, as a subscribing witness to the note, is the only proof, and it would be a violation of all principle that the act of the plaintiff himself should constitute sufficient evidence of his right to recover; and that is exactly this case. No example of the kind will be found in the books, and I need not point out the abuses to which such a rule would lead. In Goss vs. Tracy, 1 P. Wms. 289, Sergeant Hooper put a case by way of obiter, in which the hand writing of a subscribing witness to a bond, who had been appointed executor to the obligee, was admitted in evidence; and the *356 rule is recognized by the court arguendo in Swire vs. Bell, 5 T. R. 372. But it does not appear from the case put by Sergeant Hooper, that the hand or the seal of the obligor was not also proved, and if it was, I should suppose the hand of the subscribing witness, the plaintiff, might" also be proved, as one of the circumstances capable of being proved, but not as constituting in itself plenary proof. In any view of it, I cannot consent to follow the rule by applying it in this case. It is doubtful, from the cases themselves, whether it would have been so applied, and at best, is but an obiter dictum.
The argument ab inconvenienti cuts both ways. It is a misfortune if the plaintiff should lose this debt by the insufficiency of the evidence, but it would be a much greater if he should be permitted to put the whole community under contribution by manufacturing notes like this, and such would be the effect of the rule contended for. It is therefore ordered that a new trial be granted, unless the plaintiff enter a remittitur on the judgment for the amount of this note, and the interest, if any, which has accrued thereon.
O’Neall, J. and Earle, J. sitting for Harper, J. concurred.